# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| ASHLEE K. LEEPER, | ) |
|     Plaintiff, | ) |
| | ) |
|      v. | )  CAUSE NO.: 2:15-CV-414-WCL-PRC |
| | ) |
| A.J. LINES, INC, BALTIC FREIGHT CORP., | ) |
| and ABINET E. KEBEDE, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel [DE 45], filed by Plaintiff Ashlee K. Leeper on August 23, 2016. Defendants A.J. Lines, Inc., Baltic Freight Corp., and Abinet E. Kebede filed a response on August 31, 2016. Plaintiff filed a reply on September 16, 2016.

In the Motion, Plaintiff seeks to compel answers to written discovery requests, the deposition of Defendant Kebede, and a privilege log. Plaintiff also seeks $10,000 in sanctions. Defendants oppose the Motion and request an award of reasonable expenses under Federal Rule of Civil Procedure 37.

## ANALYSIS

Federal Rule of Civil Procedure 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 provides that a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

As a preliminary matter, Defendants argue that the motion should be denied because the instant motion does not comply with Northern District of Indiana Local Rule 37-1(a). This Local Rule provides:

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
> (1)    the date, time, and place of any conference or attempted conference; and
> (2)    the names of the parties participating in the conference.

N.D. Ind. L.R. 37-1(a). Defendants argue that Plaintiff has failed to identify any conference between the parties. However, Plaintiff submitted the following certification:

> Pursuant to F.R.C.P. 37(a)(1) and N.D. Ind. L.R. 37-1 the parties have conferred in good faith in an effort to resolve the matter raised in plaintiff's Motion to Compel. Specifically, on August 10, 2016, plaintiff's attorney, Timothy S. Schafer, sent a letter to defense counsel, James Milstone, attempting to resolve the discovery dispute. On August 17, 2016 defense counsel responded making it clear he has no intention of disclosing most of the requested information/documents without an order from this Court.

(Mot. Compel, 6, ECF No. 45). Defendants' certification of this correspondence is sufficient to comply with Local Rule 37-1. Defendants' argument regarding Federal Rule of Civil Procedure 37 conferral in the context of Plaintiff's request to compel the deposition of Defendant Kebede will be discussed later.

**A.    Written Discovery**

The Court first addresses Plaintiff's request to compel answers and responses to interrogatories and requests for production.

Interrogatories to A.J. Lines, Inc. (in this section hereinafter referred to as "Defendant")

INTERROGATORY NO. 5[1]: Please state who the person listed in Interrogatory No. 4 above was employed by on August 8, 2015[,] and describe in detail his position, the nature and scope of his activities the day of the accident, and include the scheduled working hours for August 7, 2015[,] and August 8, 2015.

**ANSWER: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states: Abinet Kebede was employed by A.J. Lines as a driver/operator. Defendant will supplement this response when/if responsive information is located.**

Plaintiff's assertion of deficiency[2]: Failed to describe his activities the day of the crash and failed to provide the working hours for August 7, 2015[,] and August 8, 2015.

**Defendant's conferral response[3]: See Response and Objections. This request is overbroad and unduly burdensome in that it calls for the daily activities of Abinet Kebede the day of the accident. This question is better suited to a deposition. Furthermore, when/if additional information is received regarding his working hours on the requested dates we will supplement the response.**

Defendant has objected to the interrogatory as to the request for the Kebede's daily activities. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to the daily activities. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

---

[1]All Interrogatories, Requests for Production, Answers to Interrogatories, and Responses to Requests for Production are quoted from Plaintiff's Exhibit B, ECF No. 45-2.

[2]All asserted deficiencies are quoted from Plaintiff's conferral letter to Defendant, (Plaintiff's Exhibit C, ECF No. 45-3), and the instant motion. The text is the same in both documents.

[3]All conferral responses are quoted from Plaintiff's Exhibit D, ECF No. 45-4.

As to Kebede's working hours, the Court cannot compel Defendant to provide information that it does not have, and Defendant has indicated that it will supplement its response as soon as it has additional information. The motion is denied as to the working hours.

> INTERROGATORY NO. 8: Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the trip and scheduled deliveries ending with the accident of August 8, 2015.
>
> **ANSWER: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states: driver, Abinet Kebede[,] and dispatcher, Giedre Parang who is an employee of AJ Lines, and possibly another employee may have information. Each may be reached through undersigned counsel. Defendants will supplement this information as it becomes available.**
>
> Plaintiff's assertion of deficiency: Please provide the name of the individual described as, "another employee."
>
> **Defendant's conferral response: See Response and Objections. We do not have any information to identify this individual at this time, but we are working to obtain/locate the information regarding the additional individual who may have the information requested. We will supplement our response as soon as we have additional information.**

Defendant represents that it has provided all of the information it has regarding "another employee." Plaintiff has not given the Court any reason to believe that Defendant is being dishonest about its knowledge. The Court cannot compel Defendant to provide information that it does not have, and Defendant has indicated that it will supplement its response as soon as it has additional information. Plaintiff's request to compel this information is denied.

> INTERROGATORY NO. 10: At the time of the incident in question was there an insurance policy, primary, excess, or "umbrella" coverage in effect that covered the Defendants, the tractor-trailer in question, state for each policy such particulars as the name, address, telephone number of the insurer(s), the names and addresses of the insured(s), the policy number, the effective dates, the nature of the coverage, the limits of liability, including coverage for one or more than one person, and the name and address of the custodian(s) of the policies at the present time.

**ANSWER**: Objection. This request is overly broad and unduly burdensome. This request is outside the scope of discovery as defined in Fed. R. Civ. Proc. 26 and is not reasonably calculated to lead to admissible evidence.[4] Subject to and without waiving these objections, Defendant states: See initial disclosures and prior responses.

Plaintiff's assertion of deficiency: Your prior initial disclosures and responses were not under oath (see initial disclosures and prior responses) and are inadequate and Plaintiff specifically requests that they fully answer the interrogatory under oath listing the insurers, insureds, policy numbers, limits of liability and other information requested in said interrogatory.

**Defendant's conferral response**: See Response and Objections. This request calls for information which is beyond the scope of discovery. See enclosed policy previously made available in Defendants' initial disclosures. See Fed. R. Civ. Proc. 26(a)(iv) for inspection and copying as under Rule 24, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. We enclosed a copy of the policy at issue.

Defendant has objected to this interrogatory, but Defendant has also provided information in the form of directing Plaintiff to Defendant's initial disclosures and prior responses. Plaintiff has not provided the Court with any reason to overrule Defendant's objections. Therefore, the request to compel Defendant to provide information not provided in the initial disclosures or prior responses is denied. However, to the extent Plaintiff requests that Defendant provide an answer under oath regarding the information provided, the motion is granted because Defendant has provided this information and has not presented the Court with any argument that, contrary to Plaintiff's asserted deficiency, Defendant should not be required to provide its partial answer under oath as required by Rule 33(b)(3).

---

[4]Defendants A.J. Lines, Inc., and Baltic Freight Corp both, at various times, refer to Federal Rule of Civil Procedure 26 and the Rule's previous statement that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2010) (amended 2015). Though Rule 26 still governs the scope of discovery, the "reasonably calculated" language is no longer a part of the Rule. See Fed. R. Civ. P. 26(b)(1).

INTERROGATORY NO. 11: Please state name, address and telephone number of any insurance company that was given notification of the August 8, 2015 accident.

**ANSWER: Objection. This request is overly broad and unduly burdensome. This request is outside the scope of discovery as defined in Fed. R. Civ. Proc. 26 and is not reasonably calculated to lead to admissible evidence.**

Plaintiff's assertion of deficiency: Defendant has failed to answer said interrogatory[,] and we specifically request that the defendant answer under oath the name, address and telephone number of any insurance company that was given notice of the August 8, 2015 accident. (Including but not limited to, any notice by the defendant, defendant's representative or it's attorney).

**Defendant's conferral response: See Response and Objections. This request calls for information which is beyond the scope of discovery.**

Defendant has objected and offered three bases for its objection. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

INTERROGATORY NO. 13: Please state the full and correct name of the Defendant's business entity, the exact nature of the entity, the date of the formation, the state in which it is incorporated (if incorporated), the exact location of the business entity, the major business of the business entity, the type and nature of the business performed, the names and addresses of all officers, directors, and partners, and the date the business entity was authorized to do business in the State of Indiana.

**ANSWER: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states: See Corporation File Detail.**

Plaintiff's assertion of deficiency: Defendant has failed to answer the interrogatory properly. "See corporation file detail" is inadequate and plaintiff request[s] the defendant answer the interrogatory under oath.

**Defendant's conferral response: See Response and Objections. This request was responded to by providing the information printed from the State's public website for the corporation. In addition, it is publically accessible and Plaintiff has equal or greater access to the information.**

Defendant has objected to this interrogatory as overly broad and unduly burdensome but Defendant has also provided information in the form of the Corporation File Detail. Plaintiff has not provided the Court with any reason to overrule Defendant's objections. Therefore, the request to compel Defendant to provide information not provided in the Corporation File Detail is denied. However, to the extent Plaintiff requests that Defendant provide an answer under oath regarding the information contained in the Corporation File Detail, the motion is granted because Defendant has provided this information and has not presented the Court with any argument that, contrary to Plaintiff's asserted deficiency, Defendant should not be required to provide its partial answer under oath as required by Rule 33(b)(3).

> INTERROGATORY NO. 14: Please list all assets owned by defendant, A.J. Lines, Inc.
>
> **ANSWER: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence.**
>
> Plaintiff's assertion of deficiency: Defendant have [sic] failed to respond to the interrogator[y].
>
> **Defendant's conferral response: See Objections. As discussed with the Judge at the pre-trial conference, the financial status of the business is not discoverable.**

Defendant has objected and offered four bases for its objection. Defendant offered an additional basis in its conferral response. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

> INTERROGATORY NO. 15: Please list the gross income (revenue) derived from all operations of defendant, A.J. Lines, Inc., for each year for the last five (5) years.

**ANSWER: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence.**

Plaintiff's assertion of deficiency: Defendant have [sic] failed to respond to the interrogator[y].

**Defendant's conferral response: See Objections. As discussed with the Judge at the pre-trial conference, the financial status of the business is not discoverable.**

Defendant has objected and offered four bases for its objection. Defendant offered an additional basis in its conferral response. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

INTERROGATORY NO. 16: Please list the net profit derived from all operations of defendant, A.J. Lines, Inc. For each year for the last five (5) years.

**ANSWER: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence.**

Plaintiff's assertion of deficiency: Defendant have [sic] failed to respond to the interrogator[y].

**Defendant's conferral response: See Objections. As discussed with the Judge at the pre-trial conference, the financial status of the business is not discoverable.**

Defendant has objected and offered four bases for its objection. Defendant offered an additional basis in its conferral response. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

INTERROGATORY NO. 17: Please list the value of defendant[ ] A.J. Lines, Inc., total assets for each year for the last five (5) years and current total net worth or business valuation.

**ANSWER: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence.**

Plaintiff's assertion of deficiency: Defendant have [sic] failed to respond to the interrogator[y].

**Defendant's conferral response: See Objections. As discussed with the Judge at the pre-trial conference, the financial status of the business is not discoverable.**

Defendant has objected and offered four bases for its objection. Defendant offered an additional basis in its conferral response. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

INTERROGATORY NO. 21: What, if any, load was contained in the semi-tractor trailer operated by the driver identified in Interrogatory No. 4 above, immediately prior to and at the time of the incident in question and state the name, address and telephone number of the broker and/or shipper of the load.

**ANSWER: It is believed that the load contained furniture. Defendant will supplement this request when/if information becomes available.**

Plaintiff's assertion of deficiency: Defendant has failed to answer interrogatory and plaintiff request[s] they be provided the name, address, telephone number of broker and shipper of the load, and specifically describe the load as well as provide the bill of lading.

**Defendant's conferral response: See Response. We provided what we have. See carrier agreement and spot contract.**

Defendant represents that it has provided all of the information it has regarding this request. Plaintiff has not given the Court any reason to believe that Defendant is being dishonest about its knowledge. The Court cannot compel Defendant to provide information that it does not have, and Defendant has indicated that it will supplement its response as soon as it has additional information. Further, Defendant directs Plaintiff to the carrier agreement and spot contract, and Plaintiff makes

no argument that this production of the documents in lieu of a descriptive answer is inadequate.

Plaintiff's request to compel this information is denied.

> INTERROGATORY NO. 23: Please describe, in detail, what the driver did beginning on August 7, 2015[,] up to and including the accident on August 8, 2015[,] at approximately 2:19 a.m.[,] where his trip originated from, time and date trip began, was the trailer loaded with goods, describe the load, name and address of shipper, location of each deliver, name and address of the company that received delivery, time and date of delivery, location of the delivery, last stop prior to accident and where was the intended destination, stating name and address of location.

> **ANSWER: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; It is believed that the log books and bill of lading was taken out of the vehicle by law enforcement and has not yet been returned. See attached Spot Contract and Shipping Details. Defendant will supplement this response when/if additional information becomes available.**

> Plaintiff's assertion of deficiency: The defendant has completely failed to respond to the interrogatory.

> **Defendant's conferral response: See Response and Objections. We have provided the spot contract and shipping details in response to this request.**

Plaintiff states that Defendant has "completely failed to respond" to this interrogatory.

Defendant's answer, however, presented an objection, a statement that some of the information was not available, and directed Plaintiff to documents. Plaintiff's asserted deficiency does not address Defendant's objection nor does it accurately describe Defendant's answer to the interrogatory. For these reasons, and without making any determination as to the adequacy of Defendant's answer or the merits of Defendant's objection, the motion is denied as to this interrogatory.

> INTERROGATORY NO. 27: Describe any contract, document or agreement under which the parties operated the date of the accident, August 8, 2015 (including but not limited to any agreement with a broker, trip lease, or permanent lease).

> **ANSWERS [sic]: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; It is believed that**

**there was a broker and carrier agreement. Defendant will supplement this response when/if additional information becomes available.**

Plaintiff's assertion of deficiency: The defendant has failed to answer interrogatory describing the contract or document under which the parties operated on the day of the accident, August 8, 2015[,] including the date of the contract and the parties to the contract. This is not a request for production but an interrogatory which plaintiffs are [sic] entitled an answer to.

**Defendant's conferral response: See Response. See enclosed Lease Agreement. The lease agreement with AJ Lines has already been provided to Plaintiffs' [sic] counsel.**

Plaintiff has specified that she finds the Defendant's answer deficient because Defendant directs her to documents instead of providing an answer. Plaintiff's discovery request here is an interrogatory and not a request for production. Defendant has objected to the interrogatory, but it has also provided a lease agreement. Plaintiff did not ask for the documents; she asked for a description of them. The motion is granted as to Plaintiff's request for a description of the lease agreement and any other responsive contract, document, or agreement that is not covered by Defendant's objection. The motion is denied as to any contract, document, or agreement covered by Defendant's objection. This denial is due to Plaintiff's failure to argue that the objection should be overruled and not due to the merits of the objection.

INTERROGATORY NO. 28: Describe any contract, document or agreement (oral or written) between the defendants herein and any broker or shipper of goods carried in the truck involved in the accident, in existence on August 8, 2015 (including any trip lease or permanent lease).

**ANSWERS [sic]: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; It is believed that the bill of lading was taken out of the vehicle by law enforcement and has not yet been returned. Defendant will supplement this response when/if additional information becomes available.**

<u>Plaintiff's assertion of deficiency</u>: The defendant has failed to answer interrogatory describing the contract or document between the defendant herein and any broker or shipper of goods on the day of the accident, August 8, 2015[,] including the date of the contract and the parties to the contract. This is not a request for production but an interrogatory which plaintiffs are entitled an answer to.

**<u>Defendant's conferral response</u>: See Response. We provided what we have. See carrier agreement and spot contract.**

Plaintiff has specified that she finds the Defendant's answer deficient because Defendant directs her to documents instead of providing an answer. Plaintiff's discovery request here is an interrogatory and not a request for production. Defendant has objected to the interrogatory, but it has also provided a carrier agreement and spot contract. Plaintiff did not ask for the documents; she asked for a description of them. The motion is granted as to Plaintiff's request for a description of the carrier agreement, spot contract, and any other responsive contract, document, or agreement that is not covered by Defendant's objection. The motion is denied as to any contract, document, or agreement covered by Defendant's objection. This denial is due to Plaintiff's failure to argue that the objection should be overruled and not due to the merits of the objection.

<u>Interrogatories to Baltic Freight Corp. (in this section hereinafter referred to as "Defendant")</u>

<u>INTERROGATORY NO. 2</u>: Please state the name, address and telephone number of the owner of the semi-tractor and the attached trailer that was involved in the incident described in the Plaintiff's Complaint and whether anyone else had any interest in or to that vehicle or trailer, and if so, describe in detail the nature and extent of that interest.

**<u>ANSWER</u>: Objection. This request is vague, overly broad, unduly burdensome and unlikely to lead to the discovery of relevant or admissible evidence. This request[ ] calls for information outside of Defendant[']s possession, custody, and control. Subject to and without waiving these objections; Baltic Freight Corporation is a leasing company that leased the freightliner to A.J. Lines. It is believed that A.J. Lines owns the trailer. Both companies may be reached through undersigned counsel.**

<u>Plaintiff's assertion of deficiency</u>: The defendant failed to answer who the owner of the semi tractor/freightliner was on the date of the incident.

**<u>Defendant's conferral response</u>: See Response and Objections. Baltic Freight Corporation does not possess additional information regarding the ownership of the freightliner. A copy of the title for the tractor was produced. See RFP Response no. 27.**

Defendant has objected to the interrogatory. Plaintiff does not offer any argument why the Court should overrule the objection. Further, Defendant directs Plaintiff to a copy of the tractor's title, and Plaintiff makes no new argument that this production of the title is inadequate. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this interrogatory. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection or the adequacy of Defendant's answer.

<u>INTERROGATORY NO. 10</u>: At the time of the incident in question was there any insurance policy, primary, excess, or "umbrella" coverage in effect that provided liability insurance for Baltic Freight Corp., if so, state for each policy such particulars as the name, address, telephone number of the insurer(s), the names and addresses of the insured(s), the policy number, the effective dates, the nature of the coverage, the limits of liability, including coverage for one or more than one person, and the name and address of the custodian(s) of the policies at the present time.

**<u>ANSWER</u>: Objection. This request is outside the scope of discovery as defined in F.R.C.P. 26 and FRE 411 and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these [sic] objection; None.**

<u>Plaintiff's assertion of deficiency</u>: Answers are inconsistent with the requirements of the Federal Motor Carrier Safety Regulations and minimum insurance requirements provided for by law.

**<u>Defendant's conferral response</u>: See Response and Objections. Baltic Freight is a leasing company, not a motor carrier.**

Plaintiff's asserted deficiency is not well-taken. Plaintiff does not argue that Defendant's answer is evasive or incomplete. Instead, Plaintiff argues that the answer is inconsistent with certain

regulations. Defendant has answered the interrogatory. The Court denies the motion as to this interrogatory.

>    INTERROGATORY NO. 11: Please state name, address and telephone number of any insurance company that was given notification of the August 8, 2015 accident.

>    **ANSWER: Objection. This request is vague, overly broad, and unduly burdensome. and unlikely to lead to the discovery of relevant or admissible evidence. This request is outside the scope of discovery as defined in F.R.C.P. 26 and FRE 411 and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. This request[ ] calls for information outside of Defendant[']s possession, custody, and control. Subject to and without waiving these objections; It is believed that A.J. Lines' insurer National Indemnity was notified.**

>    Plaintiff's assertion of deficiency: Answers are inconsistent with the requirements of the Federal Motor Carrier Safety Regulations and minimum insurance requirements provided for by law.

>    **Defendant's conferral response: See Response and Objections. Baltic Freight is a leasing company, not a motor carrier.**

Plaintiff's asserted deficiency is not well-taken. Plaintiff does not argue that Defendant's answer is evasive or incomplete. Instead, Plaintiff argues that the answer is inconsistent with certain regulations. Defendant has answered the interrogatory. The Court denies the motion as to this interrogatory.

>    INTERROGATORY NO. 12: Please state the name, address and telephone number of any officer, agent or employee of Baltic Freight[ ] Corp., responsible to procure liability insurance or have knowledge of any liability insurance in effect on August 8, 2016 [sic] including any primary, excess or umbrella policies.

>    **ANSWER: Objection. This request is outside the scope of discovery as defined in F.R.C.P. 26 and FRE 411 and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these [sic] objection; None.**

>    Plaintiff's assertion of deficiency: Answers are inconsistent with the requirements of the Federal Motor Carrier Safety Regulations and minimum insurance requirements provided for by law.

**Defendant's conferral response: See Response and Objections. Baltic Freight is a leasing company, not a motor carrier.**

Plaintiff's asserted deficiency is not well-taken. Plaintiff does not argue that Defendant's answer is evasive or incomplete. Instead, Plaintiff argues that the answer is inconsistent with certain regulations. Defendant has answered the interrogatory. The Court denies the motion as to this interrogatory.

INTERROGATORY NO. 13: Please state the full and correct name of the Defendant's business entity, the exact nature of the entity, the date of the formation, the state in which it is incorporated (if incorporated), the exact location of the business entity, the major business of the business entity, the type and nature of the business performed, the names and addresses of all officers, directors, and partners, and the date the business entity was authorized to do business in the State of Indiana.

**ANSWER: Objection. This request is vague, overly broad, unduly burdensome, and is unlikely to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; Baltic Freight Corporation is a leasing company that was incorporated on or about March 2, 2012[,] and is located at 125 41st Street, Downers Grove, IL 60515. The owners are Jonas Budreika and Aidana Rudzionyte. The owners may be contacted through undersigned counsel.**

Plaintiff's assertion of deficiency: The defendant has failed to answer as to the names and addresses of all officers and directors of the corporation.

**Defendant's conferral response: Aidana Rudzionyte is the president of the company. There are no directors of compliance.**

Plaintiff has asserted deficiency in Defendant's failure to provide the names and addresses of all officers and directors of the corporation. Defendant provided the names of the owners and the name of one officer (who is also an owner) and stated that there are no directors of compliance. Defendant also indicated that the owners could be contacted through Defendant's counsel. Accordingly, despite listing an objection in its answer, Defendant does not appear to object to providing the names and at least minimal contact information for the officers and directors.

Defendant's conferral response is unclear. Though Defendant states that there are no directors of *compliance*, Plaintiff requested names and addresses of all directors of the *corporation*. Further, Defendant has not indicated whether the one listed officer is the only officer. Therefore, regarding this discovery request, the Court partially grants the motion and orders Defendant to provide the names and a means of contacting all of Defendant's officers and directors. The motion is partially denied as to this interrogatory; the Court will not compel the production of addresses for the officers and directors because Defendant has objected to this request and has not provided any addresses, and Plaintiff does not address Defendant's objection.

> INTERROGATORY NO. 26: Explain why the tractor contained a placard that stated, "A.J. Lines, Inc., US Dot #2082501 **Operated by: Baltic Freight Corp.,** Bolingbrook, IL" and specifically explain in what manner you operated the tractor involved in the accident on August 8, 2015, and by what agreement or contract with A.J. Lines, Inc.
>
> **ANSWER: Objection. This request is overly broad, unduly burdensome, and calls for information outside of Defendant[']s possession, custody, and control. Subject to and without waiving these objections; Unknown to this Defendant. Defendant Baltic Freight Corporation did not have possession of the vehicle during the period of the lease agreement and did not place the markings on the vehicle.**
>
> Plaintiff's assertion of deficiency: The defendant[']s answer to interrogatory 26 is unresponsive.
>
> **Defendant's conferral response: See Response and Objections. This Defendant is not aware of why the tractor contained "AJ Lines, Inc., US DOT #2082501 Operated by: Baltic Freight Corp., Bolingbrook, IL." Baltic Freight is a leasing company and was not operating the tractor-trailer on the date in question. Baltic Freight did not create or approve the sign.**

Plaintiff's argument that the answer is unresponsive fails, as Defendant has answered this interrogatory. Specifically, Defendant states that it is unknown why the placard and its information was on the tractor. The motion is denied as to this interrogatory.

<u>INTERROGATORY NO. 27</u>: Describe any contract, document or agreement under which the parties operated the date of the accident, August 8, 2015 (including but not limited to any agreement with a broker, trip lease or permanent lease).

**<u>ANSWER</u>: Objection. This request is overly broad, unduly burdensome, and calls for information outside of Defendant[']s possession, custody, and control. Subject to and without waiving these objections; See previously filed Lease Agreement in support of the Motion for Summary Judgment.**

<u>Plaintiff's assertion of deficiency</u>: The defendants [sic] failed to describe the contract or agreement the parties operated under on the date of the accident, August 8, 2015[,] stating who the parties were and the date the alleged lease was signed, and whether there was any supplemental lease provided which contained provisions regarding who was to insure the vehicle, maintain the vehicle, etc.

**<u>Defendant's conferral response</u>: See Response and Objections. See enclosed Lease Agreement. The lease agreement with AJ Lines has already been provided to Plaintiffs' [sic] counsel.**

Plaintiff has specified that she finds the Defendant's answer deficient because Defendant has failed to *<u>describe</u>* the contract or agreement. Plaintiff's discovery request here is an interrogatory and not a request for production. Defendant has objected to the interrogatory, but it has also provided a lease agreement. Plaintiff did not ask for the documents; she asked for a description of them. The motion is granted as to Plaintiff's request for a description of the lease agreement and any other responsive contract, document, or agreement that is not covered by Defendant's objection. The motion is denied as to any contract, document, or agreement covered by Defendant's objection. This denial is due to Plaintiff's failure to argue that the objection should be overruled and not due to the merits of the objection.

<u>Interrogatories to Abinet Kebede (in this section hereinafter referred to as "Defendant")</u>

<u>INTERROGATORY NO. 14</u>: Describe your relationship with A.J. Lines, Inc., US DOT number 2082501 and Baltic Freight Corp., as it relates to the trip and tractor trailer involved in the accident on August 8, 2015.

**ANSWER: Objection. This request is vague as to what "relationship" means. Subject to and without waiving these objections; I was an employee of A.J. Lines, Inc.**

Plaintiff's assertion of deficiency: States that Abinet Kebede quit his employment on August 9, 2016. Was this an erroneous error and the date was, in fact August 9, 2015, the day after the accident?

**Defendant's conferral response: We believe you meant Response no. 4. See no. 4.**

**Defendant's conferral response to Interrogatory No. 4: The correct date Kebede quit his employment with AJ Lines should be August 9, 2015.**

Plaintiff did not change her assertion of deficiency from her conferral letter to the instant motion to indicate that she is challenging the answer to Interrogatory No. 4 and not Interrogatory No. 14. To the extent she meant No. 4., Defendant cleared up the error in his conferral response. To the extent Plaintiff meant No. 14, the asserted deficiency does not exist in Defendant's answer. The motion is denied as to Interrogatory Nos. 4 and 14.

INTERROGATORY NO. 19: Please describe, in detail, your trip which ended with the accident on August 8, 2015[,] at approximately 2:19 a.m. including but not limited to where your trip originated from, time and date trip began, was the trailer loaded with goods, describe the load, name and address of shipper, location of each delivery, name and address of the company that received delivery, time and date of delivery, location of the delivery, last stop prior to accident and where was your intended destination, stating name and address of location.

**ANSWER: Objection. This request is overly broad, unduly burdensome, and calls for narrative. This request[] calls for information outside of Defendant[']s possession, custody, and control. Subject to and without waiving these objections; I started in Tennessee and was headed to Chicago, Illinois.**

Plaintiff's assertion of deficiency: Defendant fails to respond to the interrogatory question and the answer was not responsive and did not indicate the time and date the trip began, describe the load, the name and address of the shipper, location of each delivery, name and address of company that received delivery, time and date of delivery, location of delivery, last stop prior to the accident, and where was your intended destination stating the name and address of location.

**Defendant's conferral response**: See Response and Objections. Kebede does not presently recall. See recorded statement to law enforcement.

Defendant indicates that he does not recall the information requested and has directed Plaintiff to his statement made to law enforcement. The Court cannot compel information that Defendant does not have, nor can it compel new answers on the basis that Plaintiff is displeased with the answer received. Should Defendant remember the information sought, he has a duty to supplement discovery. The motion is denied as to this request.

INTERROGATORY NO. 20: Describe your activities immediately leading up to the accident of August 8, 2015[,] and how and why did you rear end the vehicle Ashlee Leeper was a passenger in.

**ANSWER: Objection. This request is overly broad, unduly burdensome, and calls for narrative. Subject to and without waiving these objections; See recorded by law enforcement statement of driver Abinet Kebede.**

Plaintiff's assertion of deficiency: Defendant failed to respond to the interrogatory and plaintiff requests defendant to give a written response under oath.

**Defendant's conferral response: See Response and Objections. Kebede does not presently recall. See recorded statement to law enforcement.**

Defendant indicates that he does not recall the information requested and has directed Plaintiff to his statement made to law enforcement. The Court cannot compel information that Defendant does not have, nor can it compel new answers on the basis that Plaintiff is displeased with the answer received. Should Defendant remember the information sought, he has a duty to supplement discovery. The motion is denied as to this request.

INTERROGATORY NO. 21: Were you in compliance with, or in violation of federal requirements and regulations for a truck driver at the time of the crash on August 8, 2015, and if in violation please state the manner in which you violated FMCR.

**ANSWER: Objection. This request is vague, overly broad, unduly burdensome, and calls for a legal conclusion.**

<u>Plaintiff's assertion of deficiency</u>: Defendant failed to respond to interrogatory 21 asking if he was in compliance of violated FMCR regulations.

**<u>Defendant's conferral response</u>: See Response and Objections.**

Defendant has objected and offered four bases for his objection. Plaintiff does not offer any argument why the Court should overrule the objection. The Court will not make arguments on Plaintiff's behalf. The Court denies the motion as to this request. This denial is due to the lack of argument presented by Plaintiff and not on the merits of Defendant's objection.

<u>Requests for Production to A.J. Lines, Inc.[5] (in this section hereinafter referred to as "Defendant")</u>

<u>REQUEST FOR PRODUCTION NO. 3</u>: All logs of Abinet Kebede for August 7, 2015[,] and August 8, 2015, the date of the accident, and one week prior to the accident.

**<u>RESPONSE</u>: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections; Defendant will supplement this request when/if information becomes available. It is believed that the bill of lading may have gone to law enforcement during their investigation.**

<u>Plaintiff's assertion of deficiency</u>: No logs provided for August 7 or August 8, 2015, the date of the accident or one week prior to the accident.

**<u>Defendant's conferral response</u>: See Response and Objections. Again, it is believed that the logs were taken by law enforcement at the scene of the accident. AJ Lines does not have the logs in its possession, custody, or control.**

Defendant states that it does not have the requested documents in its possession, custody, or control and that it is believed that law enforcement has possession. Requests for production only govern items in a party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). Defendant

---

[5]Plaintiff combines her assertions of deficiency regarding the Requests for Production sent to A.J. Lines, Inc. and Baltic Freight Corp. Because these two defendants provided separate, non-identical responses, the Court separates its analysis of the motion as to each defendant.

further states that it will supplement the request when the discovery sought becomes available. The

motion is denied as to this request for production.

REQUEST FOR PRODUCTION NO. 5: Any work, trips, travel, truck driving and/or truck work of any type of Abinet Kebede whether as driver, co-driver, or assistant, or whatever capacity, for August 7, 2015[,] and August 8, 2015. With regard to this request, please produce the following materials for all such work, trips, travel, truck driving or assisting:

a. pick up instructions;
b. route map;
c. dispatch records;
d. trip records/sheets;
e. toll records;
f. bills of lading;
g. freight records;
h. any other shipping documents;
i. billing records for load hauled;
j. load sheets or records of any and all records of any payments made or received or transferred or distributed regarding payments, profits, salaries, expenses, commissions, trip leases;
k. fuel tax receipts or trip sheets;
l. trip tickets;
m. settlement statements;
n. billing to any shippers;
o. payment to any shippers;
p. billing to any other person or corporation;
q. payments received from any other person or corporation;
r. expenses of any type of Abinet Kebede;
s. gas receipts/fuel receipts;
t. credit card receipts;
u. telephone credit charges;
v. trip records;
w. time records;
x. weight records;
y. scale records;
z. brokerage payments or commissions paid or received; and,
aa. billings to and payments received from any other person or corporation.

**RESPONSE: Objection. This request is vague, overly broad, unduly burdensome, and unlikely to lead to the discovery or [sic] relevant or admissible evidence. Subject to and without waiving these objections; Defendant will supplement this request when/if information becomes available. It is believed**

**that the log books, bill of lading, and additional records may have gone to law enforcement during their investigation.**

Plaintiff's assertion of deficiency: Failed to properly respond and produced documents requested in 5A-AA.

**Defendant's conferral response: See Response and Objections. Again, it is believed that the logs, bills of lading, and additional records were taken by law enforcement at the scene of the accident. AJ Lines does not have the logs in its possession, custody, or control.**

Regarding logs and bill of lading, Defendant represents that law enforcement took these documents. Defendant also represents that the logs are not in its possession, custody, or control, but Defendant is silent as to its possession, custody, or control of the bills of lading and "additional records." It is possible that law enforcement has returned these documents or that Defendant has other copies. Further, Defendant only makes a general statement that these additional records were taken by law enforcement. Defendant fails to indicate whether these additional records include any or all of the documents requested by Plaintiff. Regarding Defendant's objection, Rule 34 provides that objections "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed R. Civ. P. 34(b)(2)(C). Defendant's objection is not in compliance with the Rule, and the response provided is incomplete and evasive. The motion is granted as to this request. Defendant must specifically respond to each subpart by either producing the documents requested, stating that it has no responsive documents, or stating an objection in compliance with Rule 34.

REQUEST FOR PRODUCTION NO. 24: A copy of any insurance policies covering defendant against claims arising out of an automobile/truck accident at the time of the occurrence complained of in this action, including but not limited to, any primary insurance policy, excess insurance policy or umbrella policy.

**RESPONSE: Objection. This request is overly broad and unduly burdensome. This request is outside the scope of discovery as defined in F.R.C.P. 26 and is**

**not reasonably calculated to lead to admissible evidence. Subject to and without waiving these objections; see initial disclosures.**

<u>Plaintiff's assertion of deficiency</u>: Defendants have failed to provide a copy of any and all insurance policies covering A.J. Lines and/or Baltic Freight Corp. at the time of the occurrence complained of.

**<u>Defendant's conferral response</u>: See Response and Objections. See enclosed policy and initial disclosures.**

Plaintiff is asserting that Defendant has not provided a copy of any insurance policies. Defendant, in its response to the discovery request, directs Plaintiff to its initial disclosures, which, pursuant to Rule 26(a)(1)(A)(iv) must provide insurance agreements under which an insurance business may be liable for part of any judgment in the action. Defendant, in its conferral response, indicates that it was enclosing a policy. Plaintiff renewed its assertion that Defendant did not provide any insurance policies and does not address Defendant's representation that it enclosed a policy with its conferral response. Because Defendant represents that it has turned over the requested documents, there do not appear to be any documents for the Court to compel production of. The motion is denied as to this request.

<u>REQUEST FOR PRODUCTION NO. 25</u>: A copy of any oral or written report or other notification defendant gave to the insurance company or broker concerning any of the occurrences complained of in this action (If defendant asserts any privilege, identify document, date of the report, name and address of person making the report, name and address of insurance company or broker notification given to and dates of notification.)

**<u>RESPONSE</u>: Objection. Statements obtained from the defendant, by his insurance company, are protected through Richey v. Chappell, 594 N.E.2d 443 (Ind. 1992) and are not discoverable due to the insured-insurer privilege. Furthermore, any statements given by the defendant to his attorney are protected from disclosure by the attorney-client privilege. Subject to and without waiving said objections; Defendant is not presently aware of any statements taken other than those listed in the narrative section of the Indiana Officer's Standard Crash Report, video of the driver at the scene, and any statements taken by law enforcement or contained in medical records.**

**Defendant will file a Witness and Exhibit List as ordered and outlined by the Court and reserves the right to supplement this response accordingly.**

Plaintiff's assertion of deficiency: Defendants have failed to provide a copy of any written notification defendants gave to the insurance company or broker concerning the occurrence. Further, if defendants assert any privilege, they are required to provide a privilege log identifying the document, the date of said document, name and address of person making the report, name and address of the insurance company or broker notification was given to and the date the notification was given.

**Defendant's conferral response: See Response and Objections. See enclosed policy and initial disclosures. See also Fed. R. Civ. Proc. 26(a)(iv)[6] for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Again, we enclose a copy of the policy.**

Plaintiff has asked for reports or notification that Defendant gave to its insurers. Defendant refers to statements taken and insurance policies, but Defendant has not given a responsive answer regarding reports or notifications—the material asked for in the request. Plaintiff has not argued that the privilege asserted by Defendant does not apply. Instead, Plaintiff requests that a privilege log be provided in the event any responsive document is withheld on the basis of privilege.

Plaintiff is entitled to relief on this discovery request. The Court orders Defendant A.J. Lines Inc. to produce any responsive documents it has to this discovery request or, if Defendant is withholding any documents on the basis of privilege, to produce a privilege log for those documents. If Defendant does not have any responsive documents—that is, it has no report or other notification defendant gave to the insurance company or broker concerning any of the occurrences complained of in this action—then Defendant must state so.

REQUEST FOR PRODUCTION NO. 27: Copies of the titles to the tractor and trailer involved in the accident of August 8, 2015.

---

[6]The Court presumes that Defendant intended to cite Fed. R. Civ. Proc. 26(a)(1)(A)(iv).

**RESPONSE: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states: See Secretary of State Application for Vehicle Transaction as to the trailer and Certificate of Origin for a Vehicle as to the tractor. Defendant will supplement this request when/if information becomes available. It is believed that General Electric Capital Corporation has the title of the trailer.**

Plaintiff's assertion of deficiency: Defendant has failed to produce the title to the tractor which appears to be owned by A.J. Lines, Inc., with a lien by Mercedes Benz.

**Defendant's conferral response: See Response and Objections. See previously produced title for tractor and enclosed title for trailer.**

Defendant, in its conferral, represents that it had previously turned over the title for the tractor and was enclosing the title for the trailer. Because Defendant represents that it has turned over all of the documents asked for in this request for production, there is nothing for the Court to compel. The motion is denied as to this request.

REQUEST FOR PRODUCTION NO. 28: Copies of any contracts, documents or agreements under which the parties operated on the date of August 8, 2015[,] including [but] not limited to any agreement with a broker, shipper, trip lease or permanent lease.

**RESPONSE: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states: See previously filed lease agreement with Baltic Freight Corporation. Defendant will supplement this request when/if information becomes available. It is believed that the bill of lading may have gone to law enforcement during their investigation.**

Plaintiff's assertion of deficiency: Defendant failed to identify broker agreement in effect August 8, 2015[,] in that they failed to specifically identify their production responses by failing to correlate their responses by number its responses on the documents produced.

**Defendant's conferral response: See Response and Objections. We will supplement our response once additional information becomes available. Again, it is believed that the logs, bills of lading, and additional records were taken by law enforcement at the scene of the accident. AJ Lines does not have the logs in**

**its possession, custody, or control. See carrier agreement and previously produced spot contract.**

Defendant represents that it has provided all of the responsive documents it has. Plaintiff has not given the Court any reason to believe that Defendant is being dishonest. The Court cannot compel Defendant to produce documents that it does not have. It is not clear whether the "broker agreement" that Plaintiff refers to is the same document as the carrier agreement or spot contract that Defendant refers to. To the extent Plaintiff's request is to compel further documents in response, the motion is denied as to this request.

Plaintiff also argues that Defendant failed to specifically identify their production responses. Rule 34 governs requests for production and, regarding document production, provides "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(I). Defendant does not respond to this portion of Plaintiff's asserted deficiency. To the extent that Plaintiff is asking that Defendant be compelled to comply with Rule 34(b)(2)(E)(I) in producing documents that are responsive to this request for production, the motion is granted.

Requests for Production to Baltic Freight Corp. (in this section hereinafter referred to as "Defendant")

REQUEST FOR PRODUCTION NO. 3: All logs of Abinet Kebede for August 7, 2015[,] and August 8, 2015, the date of the accident, and one week prior to the accident.

**RESPONSE: None. Defendant Baltic Freight Corporation does not now and has never employed Abinet Kebede.**

Plaintiff's assertion of deficiency: No logs provided for August 7 or August 8, 2015, the date of the accident or one week prior to the accident.

**Defendant's conferral response**: See Response and Objections. Baltic Freight does not now and has never employed Abinet Kebede.

Plaintiff argues that Defendant has failed to properly respond to this request. However, Defendant has responded by stating that it has none of the requested documents in its possession.

The Court denies the motion as to this request.

REQUEST FOR PRODUCTION NO. 5: Any work, trips, travel, truck driving and/or truck work of any type of Abinet Kebede whether as driver, co-driver, or assistant, or whatever capacity, for August 7, 2015[,] and August 8, 2015. With regard to this request, please produce the following materials for all such work, trips, travel, truck driving or assisting:

a. pick up instructions;
b. route map;
c. dispatch records;
d. trip records/sheets;
e. toll records;
f. bills of lading;
g. freight records;
h. any other shipping documents;
i. billing records for load hauled;
j. load sheets or records of any and all records of any payments made or received or transferred or distributed regarding payments, profits, salaries, expenses, commissions, trip leases;
k. fuel tax receipts or trip sheets;
l. trip tickets;
m. settlement statements;
n. billing to any shippers;
o. payment to any shippers;
p. billing to any other person or corporation;
q. payments received from any other person or corporation;
r. expenses of any type of Abinet Kebede;
s. gas receipts/fuel receipts;
t. credit card receipts;
u. telephone credit charges;
v. trip records;
w. time records;
x. weight records;
y. scale records;
z. brokerage payments or commissions paid or received; and,
aa. billings to and payments received from any other person or corporation.

**RESPONSE: Objection. This request is vague, overly broad, unduly burdensome, and unlikely to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; None. Defendant Baltic Freight Corporation does not now and has never employed Abinet Kebede. Defendant Baltic Frieght [sic] Corporation does not have any load related records in its possession.**

Plaintiff's assertion of deficiency: Failed to properly respond and produced [sic] documents requested in 5A-AA.

**Defendant's conferral response: See Response and Objections. Baltic Freight does not now and has never employed Abinet Kebede. Defendant Baltic Freight Corporation does not have any load related records in its possession.**

Plaintiff argues that Defendant has failed to properly respond to this request. However, Defendant has responded by stating that it has none of the requested documents in its possession.

The Court denies the motion as to this request.

REQUEST FOR PRODUCTION NO. 24: A copy of any insurance policies covering defendant against claims arising out of an automobile/truck accident at the time of the occurrence complained of in this action, including but not limited to, any primary insurance policy, excess insurance policy or umbrella policy.

**RESPONSE: Objection. This request is outside the scope of discovery as defined in Fed. R. Civ. Proc. 26 and FRE 411 and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving these objections; Defendant is unaware of any responsive documents.**

Plaintiff's assertion of deficiency: Defendants have failed to provide a copy of any and all insurance policies covering A.J. Lines and/or Baltic Freight Corp. at the time of the occurrence complained of.

**Defendant's conferral response: See Response and Objections. Baltic Freight does not have any responsive documents.**

Plaintiff argues that Defendant has failed to properly respond to this request. However, Defendant has responded by stating that it has none of the requested documents in its possession.

The Court denies the motion as to this request.

REQUEST FOR PRODUCTION NO. 25: A copy of any oral or written report or other notification defendant gave to the insurance company or broker concerning any of the occurrences complained of in this action (If defendant asserts any privilege, identify document, date of the report, name and address of person making the report, name and address of insurance company or broker notification given to and dates of notification.)

**RESPONSE: Objection. Statements obtained from the defendant, by his insurance company, are protected through Richey v. Chappell, 594 N.E.2d 443 (Ind. 1992) and are not discoverable due to the insured-insurer privilege. Furthermore, any statements given by the defendant to his attorney are protected from disclosure by the attorney-client privilege. Subject to and without waiving said objections, Defendant has not [sic] documents responsive to this request.**

Plaintiff's assertion of deficiency: Defendants have failed to provide a copy of any written notification defendants gave to the insurance company or broker concerning the occurrence. Further, if defendants assert any privilege, they are required to provide a privilege log identifying the document, the date of said document, name and address of person making the report, name and address of the insurance company or broker notification was given to and the date the notification was given.

**Defendant's conferral response: See Response and Objections. Baltic Freight does not have any responsive document.**

Plaintiff argues that Defendant has failed to properly respond to this request. However, Defendant has responded by stating that it has none of the requested documents in its possession.

The Court denies the motion as to this request.

REQUEST FOR PRODUCTION NO. 27: Copies of the titles to the tractor and trailer involved in the accident of August 8, 2015.

**RESPONSE: See enclosed title of tractor**.

Plaintiff's assertion of deficiency: Defendant has failed to produce the title to the tractor which appears to be owned by A.J. Lines, Inc., with a lien by Mercedes Benz.

**Defendant's conferral response: See Response and Objections. Baltic Freight does not have any responsive document.**

Defendant, in its response, indicated that it was enclosing the title of the tractor and, in its conferral response, indicated that it does not have any responsive document. Plaintiff indicated that the tractor appears to be owned by an entity other than Defendant Baltic Freight. While it is unclear whether Defendant produced the title based on its conflicting responses, either it has turned over the title or it does not possess it, and, furthermore, Plaintiff's assertion indicates that another defendant would be a more appropriate subject for this request for production. The Court denies the motion as to this request.

> REQUEST FOR PRODUCTION NO. 28: Copies of any contracts, documents or agreements under which the parties operated on the date of August 8, 2015[,] including not limited to any agreement with a broker, shipper, trip lease or permanent lease.
>
> **RESPONSE: See previously served Lease Agreement between Baltic Freight Corp. and AJ Lines.**
>
> Plaintiff's assertion of deficiency: Defendant failed to identify broker agreement in effect August 8, 2015[,] in that they failed to specifically identify their production responses by failing to correlate their responses by number its responses on the documents produced.
>
> **Defendant's conferral response: See Response and Objections. Baltic Freight has already provided the Lease Agreement with AJ Lines. Baltic Freight does not have any additional responsive documents.**

Defendant represents that it has provided all of the responsive documents it has. Plaintiff has not given the Court any reason to believe that Defendant is being dishonest. The Court cannot compel Defendant to produce documents that it does not have. It is not clear whether the "broker agreement" that Plaintiff refers to is the same document as the "Lease Agreement" that Defendant refers to. To the extent Plaintiff's request is to compel further documents in response, the motion is denied as to this request.

Plaintiff also argues that Defendant failed to specifically identify their production responses. Rule 34 governs requests for production and, regarding document production, provides "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(I). Defendant does not respond to this portion of Plaintiff's asserted deficiency. To the extent that Plaintiff is asking that Defendant be compelled to comply with Rule 34(b)(2)(E)(I) in producing documents that are responsive to this request for production, the motion is granted.

**B.    Privilege Log**

Regarding the privilege log, Defendants represent that they have withheld no documents on the basis of privilege and that, should any documents be withheld on that basis in the future, they will produce a privilege log. The Court notes that compliance with this Order regarding Request for Production No. 25 directed to A.J. Lines, Inc. may lead to the withholding of privileged documents and require the creation and production of a privilege log. Based on Defendants' representation, Plaintiff's request to compel production of a privilege log is denied.

**C.    Deposition of Defendant Abinet Kebede**

Regarding the deposition of Defendant Abinet Kebede, Defendants have attached to their response correspondence that they sent to Plaintiff on May 31, 2016, and on August 5, 2016, in which Defendants provide suggested dates for Kebede's deposition. Plaintiff asserts that Defendants ignored the request for a deposition until finally offering dates that conflicted with Plaintiff's counsel's calendar. Defendants' counsel represents that it was unaware of Plaintiff's counsel's unavailability when it suggested dates for the deposition. There is no record of Plaintiff suggesting alternative dates for the deposition. Though Plaintiff filed a purported certification of good faith

conferral pursuant to federal rule, *see* Fed. R. Civ. P. 37(a)(1), the Court finds that, because Plaintiff has not tried to suggest deposition dates that would be acceptable to her and her counsel, the parties have not yet conferred on this issue. Plaintiff's request to compel the deposition of Kebede is premature and, consequently, denied.

## D.      Monetary Sanctions

Regarding Plaintiff's request for $10,000 in sanctions, Plaintiff does not identify a legal basis for an award of monetary sanctions. Plaintiff has asserted that Defendants' answers and responses are incomplete and evasive. Plaintiff does not argue that Defendants did not serve answers or responses. Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery if discovery responses or answers are incomplete or evasive. Fed. R. Civ. P. 37 (a)(1), (a)(4). This rule does not contemplate monetary sanctions for incomplete or evasive answers. This request is denied.

## E.      Defendants' Request for Reasonable Expenses

Defendants, in their response, request that they be awarded their reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(B). Plaintiff does not make any objection to this request in her reply.

All of the requests to compel Defendant Abinet Kebede are denied. Consequently, Rule 37(a)(5)(B) provides the appropriate analysis as to his request for reasonable expenses. This Rule provides that, if a motion to compel is denied, the Court "must, after opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Rule provides two exceptions: (1) when the motion was substantially justified, and (2) when the "other circumstances

32

make an award of expenses unjust." *Id.* Plaintiff does not make any objection in her reply to the request for reasonable expenses. The Court finds that an award of reasonable expenses to Defendant Kebede incurred in responding to the instant motion is appropriate.

Because the Court is granting in part and denying in part the instant motion as to Defendants A.J. Lines, Inc. and Baltic Freight Corp., the proper analysis for these defendants' request for reasonable expenses is found in Rule 37(a)(5)(C). Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008).1"However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation." *Id.* "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). The Court finds that an award of expenses is not warranted as to Defendants A.J. Lines, Inc. and Baltic Freight Corp.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Compel [DE 45]. The motion is granted as to Requests for Production from Defendant A.J. Lines, Inc. Nos. 5 and 25 and Request for Production from Baltic Freight Corp. No. 28, and the motion is partially granted as to Interrogatory to A.J. Lines, Inc. Nos. 10, 13, and 28 and Interrogatory to Baltic Freight Corp. No. 13. The motion is denied as to all other relief requested.

The Court **ORDERS** Plaintiff Ashlee K. Leeper to pay Defendant Abinet Kebede's reasonable expenses incurred in responding to this motion, including attorney fees. The Court **ORDERS** Defendant Kebede to file, on or before **November 23, 2016**, a verified statement of expenses with supporting documentation.

SO ORDERED this 9th day of November, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT